UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YESH MUSIC, LLC, and JOHN K. EMANUELLE,

          Plaintiffs,

  v.

MICROSOFT CORP.,

          Defendant.

Civil Action No. 15-cv-6510-DLI-RER

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICROSOFT'S MOTION TO DISMISS OR STRIKE IN PART DAMAGES CLAIMS IN PLAINTIFFS' <u>FIRST AMENDED COMPLAINT</u>

GREENBERG TRAURIG, LLP

Joshua L. Raskin
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200

    Attorneys for Defendant
    MICROSOFT CORPORATION

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

I. MICROSOFT'S ALLEGED INFRINGEMENT ............................................................. 2

II. PLAINTIFFS' COPYRIGHT REGISTRATIONS IN EXHIBIT A ................................. 4

ARGUMENT ............................................................................................................................... 4

I. LEGAL STANDARD ...................................................................................................... 4

II. PLAINTIFFS' CLAIMS FOR UNRECOVERABLE STATUTORY DAMAGES
SHOULD BE DISMISSED OR STRICKEN ................................................................... 5

    A. Plaintiffs Cannot Recover Statutory Damages "Per Infringement". ...................... 6
    B. Plaintiffs Cannot Recover Statutory Damages or Attorneys' Fees for
       Works Registered After the Commencement of the Alleged Infringement. .......... 7
    C. Plaintiffs Cannot Recover Multiple Statutory Damages Awards for
       Compilations of Multiple Works. ........................................................................... 8

CONCLUSION ............................................................................................................................ 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................5

*Bryant v. Media Right Productions, Inc.*,
   603 F.3d 135 (2d Cir. 2010) ...................................................................................8, 9

*Bus. Trends Analysts, Inc. v. Freedonia Group, Inc.*,
   887 F.2d 399 (2d Cir. 1989) ......................................................................................7

*Huang v. iTV Media, Inc.*,
   79 F. Supp. 3d 458, 461 ............................................................................................5

*MCS Music Am., Inc. v. Yahoo! Inc.*,
   No. 3:09-CV-00597, 2010 WL 500430 (M.D. Tenn. Feb. 5, 2010) ..........................6

*On Davis v. The Gap, Inc.*,
   246 F.3d 152 (2d Cir. 2001) ......................................................................................7

*OTG Brands, LLC v. Walgreen Co.*,
   2015 WL 1499559 (E.D.N.Y. Mar. 31, 2015) ..........................................................5

*Perry v. NYSARC, Inc.*,
   424 F. App'x 23 (2d Cir. 2011) .................................................................................5

*Poindexter v. EMI Record Group Inc.*,
   2012 WL 127639 (S.D.N.Y. Mar. 27, 2012) ............................................................2

*Seoul Broad. Sys. Int'l, Inc. v. Sang*,
   754 F. Supp. 2d 562 (E.D.N.Y. 2010) .......................................................................6

**Statutes**

17 U.S.C. § 101 ...............................................................................................................8, 9

17 U.S.C. § 106 ....................................................................................................................6

17 U.S.C. § 115 ...........................................................................................................1, 2, 3

17 U.S.C. § 412 ....................................................................................................................7

17 U.S.C. § 504 ...........................................................................................................5, 6, 8

**Other Authorities**

Fed. R. Civ. P. 12 .......................................................................................................1, 4, 5

Defendant Microsoft Corporation ("Microsoft") submits this Memorandum of Law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or 12(f), to dismiss or strike plaintiffs Yesh Music, LLC's ("Yesh") and John K. Emanuele's ("Emanuele") (collectively, "plaintiffs") claims for certain statutory damages unrecoverable as a matter of law.

## PRELIMINARY STATEMENT

Plaintiffs have sued Microsoft (and other defendants providing similar digital music services in separate actions filed in this district) for its alleged failure to comply with the compulsory mechanical license provisions of 17 U.S.C. § 115 for musical composition copyrights by allegedly failing to timely serve a valid Notice of Intention to obtain a compulsory license ("NOI") for each of plaintiffs' alleged works. Plaintiffs allege that Microsoft engaged in "predatory conduct" by "intentionally" failing to comply with section 115, and based on their overstated allegations claim they are entitled to "statutory damages in the amount of $150,000 per infringement" for each of the copyright registrations attached to Exhibit A of the First Amended Complaint (Dkt. 6) ("FAC"). (FAC ¶¶ 24, 70, and Prayer For Relief ¶ A.) Notwithstanding their factually unsupported hyperbole and over-the-top accusations,[1] plaintiffs, as a matter of law, cannot recover statutory damages "per infringement" (as opposed to per work), or per musical composition, where plaintiffs chose to register and release multiple works as a single compilation registration, and cannot recover either statutory damages or attorneys' fees for works that were registered after the commencement of the alleged infringement. Plaintiffs' claims for statutory damages and attorneys' fees must therefore be dismissed or stricken under Rule 12.

---

[1] For example, nothing in the First Amended Complaint entitles plaintiffs to recover maximum statutory damages against Microsoft, which relies on a third-party vendor to timely serve valid NOIs. (*See* FAC ¶ 61.)

**FACTUAL BACKGROUND**

I.   **MICROSOFT'S ALLEGED INFRINGEMENT**

On November 12, 2015, plaintiffs filed their original Complaint against Microsoft in this Court. (Dkt. 1.) On November 16, 2015, plaintiffs filed their First Amended Complaint. (Dkt. 6 ("FAC").) The FAC is the legally operative pleading, and this motion will address the allegations therein.

According to the FAC, plaintiff Yesh is engaged in the business of music publishing and commercially exploiting musical compositions[2] performed by the band *The American Dollar*. (FAC ¶ 7.) Plaintiff Emanuele is a resident of Queens and apparently a member of plaintiff Yesh. (FAC ¶¶ 7-8.) Plaintiffs allege that they own twenty-eight copyright registrations covering musical compositions ("Copyright Registrations")—twenty-six owned by plaintiff Yesh, and two owned by plaintiff Emanuele. (FAC ¶¶ 2, 57, 60.) Plaintiffs also allege that "[c]opies of each certificate issued by the U.S. Copyright Office and assignments registered with the U.S. Copyright Office are annexed and incorporated hereto respectively as **Exhibits A** and **B.**" (FAC ¶ 15.) However, as discussed below, Exhibit A only consists of ten copyright registration certificates (Dkt. 6-1); and Exhibit B consists of two documents recorded with the Copyright Office, and no copyright registration certificates. (Dkt. 6-2.)

---

[2] Throughout the FAC, plaintiffs refer to the copyright interests they own as "musical recordings" (*e.g.*, FAC ¶ 2) or "copyrighted sound recordings" (*e.g.*, FAC ¶ 7) but that term makes no sense in the context of the FAC. "Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights." *Poindexter v. EMI Record Group Inc.*, 2012 WL 127639, at *2, n.3 (S.D.N.Y. Mar. 27, 2012) (citation omitted). Because plaintiffs allege that "[t]he license for the physical sound recordings . . . was granted to [Microsoft] through TuneCore" (FAC ¶ 32) and focus instead on Microsoft's alleged failure to comply with the compulsory mechanical license provisions of 17 U.S.C. § 115—which implicates *only* the musical composition copyrights—Microsoft interprets plaintiffs' FAC to allege infringement of the copyrights in the underlying musical compositions.

Microsoft provides a digital music service that permits its users to stream and/or download musical works. (FAC ¶ 1.) Plaintiffs allege that Microsoft has "reproduced and publicly performed and/or publicly distributed the musical recordings associated with plaintiffs' Copyright Registrations through its interactive web-based subscription streaming service." (FAC ¶ 64.) Plaintiffs further allege that "[f]rom at least February 2010, the musical recordings covered by Plaintiffs' twenty eight (28) copyright registrations . . . have been available for interactive streaming on Defendant's service." (FAC ¶ 2.)[3] Plaintiffs acknowledge that Section 115 of the Copyright Act, 17 U.S.C. § 115, permits service providers like Microsoft to obtain a compulsory "mechanical" license to reproduce and distribute musical compositions like plaintiffs' works. (FAC ¶¶ 5, 19-21.) However, plaintiffs allege that Microsoft has not followed the requirements for obtaining a compulsory license under that statute. Specifically, plaintiffs allege that Microsoft failed to serve timely and/or valid Notices of Intent to Obtain a Compulsory License ("NOI") for plaintiffs' musical compositions. (FAC ¶¶ 5, 21-24, 41-55, 61.) Accordingly, plaintiffs appear to allege that Microsoft does not have a valid compulsory license under Section 115, thereby allegedly infringing the copyrights. (FAC ¶¶ 30, 61, 64-65, 67.)

Pertinent to this motion, plaintiffs allege the following with respect to the amount of statutory damages it is seeking:

> Plaintiffs may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for each infringement of each copyright registration identified in **Exhibit A**, as available under the law.

(FAC ¶ 73.) Plaintiffs also request the following in their Prayer for Relief:

> **WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

---

[3] Plaintiffs did not identify all 28 works alleged in paragraph 2, and only allege statutory damages based on the 10 copyright registrations attached to Exhibit A. (FAC, Prayer for Relief, ¶ A.)

3

> A. Plaintiffs demands [sic] statutory damages in the amount of $150,000 per infringement for each Copyright Registration identified in the annexed **Exhibit A**, but in no case less than $30,000 with respect to each infringement, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

(FAC, Prayer for Relief, ¶ A (collectively with FAC ¶ 73, "Statutory Damages Claims").)[4]

## II. PLAINTIFFS' COPYRIGHT REGISTRATIONS IN EXHIBIT A

While plaintiffs appear to reference other works elsewhere in the FAC, plaintiffs only purport to seek relief with respect to the Copyright Registrations in Exhibit A to the FAC. (FAC ¶ 73 and Prayer for Relief, ¶ A.) Exhibit A appears to contain ten (10) certificates of registration for works allegedly owned by plaintiffs. These registrations are summarized in the table below, in the order they appear in Exhibit A:

| Registration No. | Title | Effective Date of Registration ("EDR") | Date of Publication (if applicable) |
|---|---|---|---|
| PA 1-306-744 | *American Dollar Debut Album* | 12/15/2005 | 12/12/2005 |
| PA 1-346-426 | *The Technicolour Sleep* | 11/1/2006 | 8/17/2006 |
| PAu 3-452-712 | *A Memory Stream* | 4/25/2008 | n/a |
| SR 677-648 | *Ambient One* | 5/16/2011 | 8/15/2009 |
| SR 677-647 | *From the Inland Sea* | 5/16/2011 | 12/15/2009 |
| SR 677-194 | *Atlas* | 1/25/2010 | 1/1/2010 |
| SR 679-263 | *Ambient Two* | 5/16/2011 | 8/15/2010 |
| SRu 1-057-046 | *Awake in the City* | 1/27/2012 | n/a |
| SR 677-646 | *Live in Brooklyn* | 5/16/2011 | 7/15/2010 |
| SRu 1-169-865 | *2014 Zero Bedroom Apartment Cues* | 5/13/2014 | n/a |

## ARGUMENT

### I. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

---

[4] Plaintiffs also claim actual damages. (FAC ¶ 72.)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads conduct that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although well-pleaded allegations are generally accepted as true, an exception exists "for factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice." *Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25 (2d Cir. 2011) (citations omitted).

Under Fed. R. Civ. P. 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. To prevail on a motion to strike, a party must demonstrate that "(1) no evidence in support of the allegation would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *OTG Brands, LLC v. Walgreen Co.*, 2015 WL 1499559, at *5 (E.D.N.Y. Mar. 31, 2015). Given the "lack of clarity" about whether a motion under Rule 12(b)(6) or 12(f) is more appropriate to challenge a claim to unrecoverable damages, *see Huang v. iTV Media, Inc.*, 79 F. Supp. 3d 458, 461 n.2 (E.D.N.Y. 2015), Microsoft hereby moves under both Rules. In this case, application of the two standards will lead to the same outcome.

## II. PLAINTIFFS' CLAIMS FOR UNRECOVERABLE STATUTORY DAMAGES SHOULD BE DISMISSED OR STRICKEN

Section 504(c) of the Copyright Act provides for the exclusive framework for recovering statutory damages for alleged copyright infringement, reproduced in pertinent part as follows:

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court

5

> considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200 . . . .

17 U.S.C. § 504(c)(1)-(2).

As discussed further below, plaintiffs' Statutory Damages Claims include several theories of recovery that are unavailable as a matter of law. These Statutory Damages Claims should therefore be dismissed with prejudice or stricken.

### A.     Plaintiffs Cannot Recover Statutory Damages "Per Infringement".

In its Statutory Damages Claims, plaintiffs seek recovery of up to $150,000 "for each infringement" or "per infringement" of each Copyright Registration in Exhibit A. (FAC ¶ 73 and Prayer for Relief, ¶ A.) Microsoft interprets the FAC as requesting a separate award of statutory damages for each time a work in Exhibit A is allegedly "infringed"—i.e., reproduced or distributed without a license under Section 115.  See 17 U.S.C. §§ 106(1), (3).

However, the law is clear that statutory damages may be awarded only once *per work infringed*, regardless of how many times that work is allegedly infringed. 17 U.S.C. § 504(c)(1) ("[T]he copyright owner may elect … to recover … an award of statutory damages for all infringements involved in the action, with respect to any one work…."); *Seoul Broad. Sys. Int'l, Inc. v. Sang*, 754 F. Supp. 2d 562, 568 (E.D.N.Y. 2010) ("[S]tatutory damages are to be awarded per work infringed, regardless of the number of times said work was infringed.") (citing *WB Music Corp. v. RTV Commc'n Group, Inc.*, 445 F.3d 538, 540 (2d Cir. 2006)); *MCS Music Am., Inc. v. Yahoo! Inc.*, No. 3:09-CV-00597, 2010 WL 500430, at *2 (M.D. Tenn. Feb. 5, 2010) ("A

single statutory damage award may be recovered per *work* infringed, for which any one infringer is liable individually, or where two or more infringers are liable jointly and severally").

Accordingly, plaintiffs' claims to relief for an award of statutory damages "per infringement" cannot stand and should be dismissed or stricken.

> **B.   Plaintiffs Cannot Recover Statutory Damages or Attorneys' Fees for Works Registered After the Commencement of the Alleged Infringement.**

Plaintiffs also cannot recover statutory damages and attorneys' fees for any alleged infringement commencing before registration of a work. *See* 17 U.S.C. § 412 ("no award of statutory damages or of attorney's fees . . . shall be made for-- (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 158 n.1 (2d Cir. 2001) ("17 U.S.C. § 412 specifies that a copyright holder is not entitled to elect statutory damages or receive attorney's fees under §§ 504 and 505 if 'any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.'"); *Bus. Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399, 403-404 (2d Cir. 1989) (determining that plaintiff was not eligible for statutory damages because it did not register its copyright until after the infringement).

Here, accepting as true plaintiffs' allegation that the works "have been available for interactive streaming" on Microsoft's service "[f]rom at least February 2010" (FAC ¶ 2), plaintiffs' failure to timely register *Ambient One*, *From the Inland Sea*, *Ambient Two*, *Awake in the City*, and *2014 Zero Bedroom Apartment Cues* bars them from recovering both statutory

7

damages and attorneys' fees for these works because they were not registered within three months of first publication of the work. (FAC Ex. A.)

### C. Plaintiffs Cannot Recover Multiple Statutory Damages Awards for Compilations of Multiple Works.

While it is not clear from the FAC, plaintiffs appear to be seeking an award of statutory damages for each individual musical composition infringed on each identified registration in Exhibit A. For instance, Registration No. PA 1-306-744, for the *American Dollar Debut Album*, lists 11 individual musical compositions ("tracks"), with "each individual track [submitted] for copyright" registration. (Dkt. 6-1 at 2, Registration No. PA 1-306-744, § 1.)

To the extent plaintiffs are claiming entitlement to 11 separate awards of statutory damages for all musical works in the *American Dollar Debut Album*, this, too, is contrary to law. For the purposes of calculating statutory damages awards, "all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c)(1); *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 140-41 (2d Cir. 2010). A "compilation" is "a work formed by the collection and assembling of preexisting materials or data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. 17 U.S.C. § 101 (definition of "compilation"). The term compilation includes "collective works," which are separately defined as works "in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." *Id.* (definitions of "compilation" and "collective work). In *Bryant*, the Second Circuit determined that an album "fits within the [Copyright] Act's expansive definition of compilation." 603 F.3d at 140. Having chosen to release its collections of musical compositions as albums, plaintiffs are now precluded from obtaining multiple awards of statutory damages for different compositions within the same album. *Id.* at 141. For instance, even if Microsoft were to be held liable for infringing musical

8

compositions contained on *American Dollar Debut Album*, plaintiffs may only be awarded **one** statutory damages award for any and all infringements of any and all individual compositions included on that album. *Id.*

Plaintiff Yesh has alleged that it "does not have 'albums' of songs in the traditional sense, but releases collections of songs which are not an integrated work. For that reason, numerous songs appear in two or three of the collections." (FAC ¶ 40.) Thus, plaintiff Yesh may argue that its musical compositions are somehow distinguishable from those in *Bryant*.

But the fact that Yesh's albums are not "traditional" does not qualify individual compositions registered as part of a compilation or collective work for separate statutory damages awards. Yesh's albums (for instance, *American Dollar Debut Album*) consist of multiple musical compositions, "each constituting separate and independent works in themselves." 17 U.S.C. § 101. Yet, they are "assembled into a collective whole"—the definition of a collective work, which itself is a compilation. *Id.*

Because plaintiff Yesh and its principals chose to assemble their musical compositions and register and release them in this fashion—regardless of whether those compositions are "integrated" or not—it may only recover a single award of statutory damages for all compositions included on each album. *See Bryant*, 603 F.3d at 140-41.

## **CONCLUSION**

For the foregoing reasons, Microsoft respectfully request that this Court dismiss or strike plaintiffs' Statutory Damages Claims 1) for statutory damages "per infringement," 2) for statutory damages and attorneys' fees for failure to timely register *Ambient One*, *From the Inland Sea*, *Ambient Two*, *Awake in the City*, and *2014 Zero Bedroom Apartment Cues*, and 3) for multiple statutory damages awards for compilations of musical compositions.

9

Dated: New York, NY

January 8, 2016

        GREENBERG TRAURIG, LLP

        By: /s/ Joshua L. Raskin
        Joshua L. Raskin
        200 Park Avenue
        New York, NY 10166
        Tel.: (212) 801-9200

        Ian C. Ballon (*pro hac vice* to be submitted)
        Lori Chang (*pro hac vice* to be submitted)
        1840 Century Park East, Suite 1900
        Los Angeles, CA 90067
        Tel: (310) 586-7700

        Attorneys for Defendant
        MICROSOFT CORPORATION

## **CERTIFICATE OF SERVICE**

I, Joshua L. Raskin, hereby certify that on January 8, 2016, I caused a true and correct copy of the foregoing document to be served by ECF on counsel of record.

*s/Joshua L. Raskin*
Joshua L. Raskin
